UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL SHEAFFER,

    *Plaintiff,*

v.

SUPERIOR TANK LINES NORTHWEST DIVISION, LLC,

    *Defendant.*

CASE NO. 2:19-cv-00190-BJR

ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

Plaintiff Michael Sheaffer ("Plaintiff") brought this action against his former employer Defendant Superior Tank Lines Northwest Division, LLC ("STL"), alleging: (1) willful withholding of wages; (2) wrongful termination in violation of public policy; and (3) sex discrimination. Dkt. No. 1-2. On June 13, 2019, this Court dismissed Plaintiff's wrongful termination and sex discrimination claims. Dkt. No. 24. STL now moves for summary judgment

on Plaintiff's remaining claim for willful withholding of wages. Dkt. No. 31.[1] Plaintiff opposes summary judgment. Dkt. No. 41. Having reviewed the motion, opposition thereto, the record of the case, and the relevant legal authorities, the Court will deny the motion in part and grant the motion in part. The reasoning for the Court's decision follows.

## II. BACKGROUND

The Court outlined the facts of this case in its Order Granting Defendant's Motion to Dismiss Without Leave to Amend. Dkt. No. 24. As relevant to Plaintiff's remaining claim, STL, a regional transportation company for refined petroleum products, hired Plaintiff in January 2017 to work at STL's Tacoma location as a Diesel Mechanic/Shop Manager. Dkt. No. 31 at 2; Dkt. No. 41 at 2. Plaintiff's typical workday lasted from 8:00 AM to 4:00 PM, but his hours could fluctuate between 7:30 AM to 4:30 PM. Dkt. No. 31 at 2. Mark Van Osdol, the Northwest regional manager for STL, was Plaintiff's supervisor. Dkt. No. 41 at 2.

As part of his duties, Plaintiff was required to maintain STL's fuel tankers, manage the Tacoma shop, and remain on call outside work hours to respond to road calls, which are calls from STL truck drivers experiencing mechanical issues while on the road. Dkt. No. 41 at 2–3. Plaintiff was also required to send Mr. Van Osdol shop spend reports, *i.e.*, reports outlining the Tacoma shop's total monthly spending. *Id.* at 10. Other tasks included sending Mr. Van Osdol fault code reports, which are "spreadsheets created in Microsoft Excel that contained fault codes produced by the computers inside each of STL's trucks." *Id.* at 12.

---

[1] STL has requested oral argument. Dkt. No. 31. The Court finds that oral argument is unnecessary and will proceed on the papers.

According to STL, Plaintiff was required to report all the hours he worked in order to be paid. *See* Dkt. No. 31 at 8; Dkt. No. 48 at 6. Mr. Van Osdol reviewed Plaintiff's time records and, if necessary, made corrections. *Id.* at 3. STL's Human Resources conducted a final review of time records, then processed payroll. *Id.* To keep track of road calls, which Plaintiff performed outside of the office and therefore could not use the time clock to record his time, Mr. Van Osdol states he would call Plaintiff and adjust the hours during the next morning meeting, or if the road call occurred on a weekend, he would make sure that Plaintiff texted or emailed him the hours spent on road calls. Dkt. No. 42-1 at 63:14–19. As for records of road calls, Mr. Van Osdol testified he "generally tried to take notes on what the road call was." *Id.* at 64:24–25.

On April 30, 2018, Plaintiff claims he submitted two weeks' notice of his intent to resign from STL to Mr. Van Osdol. Dkt. No. 41 at 17. Plaintiff claims he was terminated on May 4, 2018, prior to the expiration of his two-weeks. *Id.* On August 1, 2018, Plaintiff sent STL a letter claiming unpaid wages for work he performed off-the-clock. Dkt. No. 41 at 18. STL reviewed Plaintiff's claim and issued him a check for $1,488.38 based on unpaid work for 375 emails, with "five minutes of pay for every allegedly unpaid email, plus six months of interest at the rate of 12% on the full amount from the date of the first allegedly unpaid email." Dkt. No. 31 at 4. STL did not require Plaintiff to sign a settlement agreement or release of claims in exchange for cashing the check, which he did shortly thereafter. *Id.*

On November 28, 2018, Plaintiff filed suit in the Superior Court of the State of Washington for King County seeking additional unpaid wages, along with his claims for wrongful termination in violation of public policy and sex discrimination. Dkt. No. 1-2. STL removed the case to this Court on February 7, 2019. Dkt. No. 2.

3

In total, Plaintiff claims approximately 605 hours of work for which STL did not pay him. Dkt. No. 41 at 15–16. Plaintiff claims that STL failed to pay him for numerous tasks and time spent working, including (1) a one-year promised raise Plaintiff claims STL never honored, *see* Dkt. No. 41 at 16–17; (2) road calls for which he was never compensated, *id.* at 7; (3) time spent sending shop spend reports, *id.* at 10–11; (4) time spent reviewing and updating Mr. Van Osdol on fault code reports, *id.* at 12; and (5) time spent responding to other work emails, phone calls, and text messages outside of working hours, *id.* at 9–10, 13; *see also* Dkt. No. 50 at ¶ 2.

### III.     LEGAL STANDARD

To succeed on a motion for summary judgment, the movant must show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The movant bears the "initial responsibility of informing the district court of the basis for its motion," including "identifying those portions of the pleadings . . . which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal citations and quotations removed). "Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). On an issue where the nonmovant bears the burden of proof, however, "the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the non-moving party's case." *Macareno v. Thomas*, 378 F. Supp. 3d 933, 940 (W.D. Wash. 2019) (citing *Celotex Corp.*, 477 U.S. at 325).

Where the moving party meets its initial burden, the nonmovant must show that a genuine issue of material fact exists for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

Summary judgment should be entered against the nonmoving party if it fails "to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex Corp.*, 477 U.S. at 323.

Facts are material if they "might affect the outcome of the suit under governing law." *Williams v. PRK Funding Services, Inc.*, 596 B.R. 375, 379 (W.D. Wash. 2019) (citing *Anderson*, 477 U.S. at 248). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

In considering a motion for summary judgment, the Court must view the evidence "in the light most favorable to the nonmoving party." *Universal Cable Prod., LLC v. Atlantic Specialty Ins. Co.*, 929 F.3d 1143, 1151 (9th Cir. 2019) (quoting *Pension Tr. Fund for Operating Eng'rs v. Fed. Ins. Co.*, 307 F.3d 944, 949 (9th Cir. 2002)).

## IV.   DISCUSSION

### A. Plaintiff's Non-Willful and Federal Claims

STL contends that Plaintiff's response to its Motion for Summary Judgment "tacitly asserts new claims" not pled in his complaint. Dkt. No. 48 at 4, 4 n.6. STL argues that the Court should not allow Plaintiff to advance these new claims so late in litigation. Here, the claims at issue are: (1) Plaintiff's invocation of non-willful causes of action under Washington state law and (2) his federal claims.

*1. Plaintiff's "non-willful" state claim*

Plaintiff's complaint is relatively sparse. In the relevant "Causes of Action" section, entitled "Willful Withholding of Wages," Plaintiff claims "STL willfully paid Mr. Sheaffer a lower wage than the wages which STL was required to pay him under state and federal law." Dkt. No.

1-2 at ¶ 3.3. Nowhere in his complaint does Plaintiff mention non-willful withholding of wages. It is not until his response to STL's Motion for Summary Judgment that Plaintiff makes arguments invoking non-willful withholding of wages claims, citing RCW § 49.46.090 (Payment of amounts less than chapter requirements) and RCW § 49.46.130 (Minimum rate of compensation for employment in excess of forty-hour workweek). *See* Dkt. 41 at 20.

Under Washington law, there is a difference between *willful* withholding of wages under RCW §§ 49.52.050 (Rebates of wages) and 49.52.070 (Civil liability for double damages)[2] (included in the Wage Rebate Act) and *non-willful* failure-to-pay claims under RCW §§ 49.46.090 and 49.46.130 (included in the Minimum Wage Act). Thus, while STL was able to identify Plaintiff's claim as a Wage Rebate Act claim in its Motion for Summary Judgment, it was not on notice as to claims under the Minimum Wage Act until cited in Plaintiff's response to the summary judgment motion. *See generally* Dkt. Nos. 31, 48.

Under Federal Rule of Civil Procedure 8, the allegations in a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 8 is designed to give defendants "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968 (9th Cir. 2006) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)). Ninth Circuit "precedents make clear that where . . . the complaint does not include the necessary factual allegations to state a claim, raising such claim in a summary judgment motion is insufficient to

---

[2] RCW § 49.52.050 makes it a misdemeanor for an employer to willfully withhold an employee's wages and RCW § 49.52.070, in turn, provides employees a cause of action against employers who violate RCW § 49.52.050. *See infra* at 8–9.

6

present the claim to the district court." *Navajo Nation v. U.S. Forest Serv.*, 535 F.3d 1058, 1080 (9th Cir. 2008); *see also Pickern*, 457 F.3d at 968–69 (holding that a district court need not address allegations raised for the first time in a response to a motion for summary judgment where complaint failed to give adequate notice of the claim). A plaintiff may not use summary judgment as a "procedural second chance to flesh out inadequate pleadings." *Wasco Prod., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 992 (9th Cir. 2006) (quoting *Fleming v. Lind–Waldock & Co.*, 922 F.2d 20, 24 (1st Cir. 1990)); *see also Williams v. Fed. Exp. Corp.*, No. 12-cv-0348, 2013 WL 2256227, at *10 (W.D. Wash. May 22, 2013) ("[Plaintiff] may not assert new causes of action or theories of recovery for the first time in her opposition to [Defendant]'s motion for summary judgment"). The Court, therefore, rejects Plaintiff's tacit and late attempt to assert non-willful state-law failure-to-pay claims.

### 2. *Plaintiff's federal law claim*

The same reasoning and conclusion applies to Plaintiff's federal law claim. While Plaintiff's complaint does reference federal law, *see* Dkt. No. 1-2 ("STL willfully paid Mr. Sheaffer a lower wage than the wages which STL was required to pay him under state *and federal law*") (emphasis added), it does so in the most cursory manner. Such a reference does not provide proper notice to STL. Plaintiff did not raise the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203, *et. seq.*, until his response to summary judgment. *See* Dkt. No. 41 at 29–30. Even there, Plaintiff merely stated that he is entitled to double damages based on STL's withholding of wages, citing 29 U.S.C. § 216(b). *Id.* at 29. This provision, in turn, permits employees to recover against employers who violate 29 U.S.C. § 206 (Minimum wage) and 29 U.S.C. § 207 (Maximum hours). Neither of these causes of action are for "willful withholding of wages." *See also* Dkt.

No. 41 at 29 (citing 29 U.S.C. § 260); 29 U.S.C. § 260 (providing courts discretion to award no liquidated damages in cases of employer good faith "[i]n any action . . . to recover unpaid *minimum wages*, unpaid *overtime compensation*, or *liquidated damages*") (emphasis added). Therefore, the Court finds that Plaintiff's general allusion to "federal law" did not provide STL with fair notice of the grounds upon which Plaintiff's claim rested. Without citation to statute, at the very least, it is unclear which federal law the complaint sought to invoke. Plaintiff may not here assert a claim under the FLSA.

Based on the foregoing, the only claim left in this matter is Plaintiff's claim for willful withholding of wages under the Wage Rebate Act, RCW §§ 49.52.050 and 49.52.070.

**B. Plaintiff's Willful Withholding of Wages Claim**

Washington's Wage Rebate Act provides employees with a private cause of action against employers who "[w]ilfully [sic] and with intent to deprive the employee of any part of his or her wages" pay an employee less than what they are owed, RCW § 49.52.050, and grants successful employees double their withheld wage in damages as well as attorneys' fees and costs, so long as the employee does not "knowingly submit[]" to the violation, RCW § 49.52.070.

To be willful, the employer's actions must be "knowing and intentional." *Chelan Cty. Deputy Sheriffs' Ass'n v. Chelan Cty.*, 745 P.2d 1, 11 (Wash. 1987); *see also Durand v. HIMC Corp.*, 214 P.3d 189, 198 (Wash. Ct. App. 2009) ("[a]n employer's failure to pay wages due is willful if the employer knows what he or she is doing [and] intends to do it"). A failure to pay is willful "unless it was a result of 'careless[ness] or err[or].'" *Id.* (quoting *Washington State Nurses*

*Ass'n v. Sacred Heart Med. Ctr.*, 287 P.3d 516, 520 (Wash. 2012)).[3]

*1. Plaintiff's claim for willful withholding of wages for off-the-clock work*

STL in its briefing denies that it failed to pay Plaintiff wages he was entitled, *see* Dkt. No. 48 at 3, but also asserts that if it did fail to pay Plaintiff for time he earned, the failure was inadvertent and occurred because Plaintiff did not report the time to STL. *See* Def.'s Mot. for Summ. J., Dkt. No. 31 at 6–8. According to STL, Plaintiff's October 24, 2019 deposition makes clear that "Plaintiff was paid for all hours that he reported to STL" and that "Plaintiff failed to report his alleged additional hours worked to STL." *Id.* at 7; *see also* Dkt. No. 48 at 6 (STL's Reply in Support of Motion for Summary Judgment stating "Plaintiff admits he never reported the hours he now claims, so STL could not know about these unpaid hours. When Plaintiff reported his time, as required under [STL's reporting policy], STL paid him virtually every time.").

Plaintiff responds that STL "had knowledge that [Plaintiff] was performing work off-the-clock but did not ensure that his time was being recorded or he was being compensated." Pl.'s Resp. to Def.'s Mot. for Summ. J., Dkt. No. 41 at 1. To establish STL's knowledge, Plaintiff points to his own testimony that he spoke to his boss, Mr. Van Osdol, at least six times about unpaid wages. *Id.* at 13–14; *see also* Dkt. No. 43 at ¶ 20 (January 2, 2020 Declaration of Michael Sheaffer); Dkt. No. 49 at 42:7–43:9 (October 24, 2019 Deposition of Michael Sheaffer). STL,

---

[3] Plaintiff argues that constructive notice that Plaintiff worked off-the-clock is enough to establish STL's liability citing *Reich v. Dep't of Conservation*, 28 F.3d 1076 (11th Cir. 1994) and *Dixon v. City of Forks*, No. 08-cv-5189, 2009 WL 1459447 (W.D. Wa. May 26, 2009). Dkt. No. 41 at 21–23. Both cases, however, involved *non-willful* maximum hours claims under the FLSA, 29 U.S.C. § 207, and, in *Dixon*, the Minimum Wage Act. *See Reich*, 28 F.3d at 1081–82; *Dixon*, 2009 WL 1459447, at *2, *6. The Court has already held that Plaintiff did not properly plead such claims. *See supra* at 5–8. Therefore, constructive knowledge is not the appropriate standard for Plaintiff's remaining willful withholding claim.

however, claims that the Court should disregard this testimony because the later-in-time declaration conflicts with Plaintiff's initial deposition. Dkt. No. 48 at 8.

After reviewing the record, the Court determines that Plaintiff has established a genuine dispute of fact for trial. In his deposition, Plaintiff testified that he approached Mr. Van Osdol at least six times about working "off-the-clock." Dkt. No. 49 at 42:7–43:9. Plaintiff's later-in-time declaration confirms that he "raised the issue of [his] unpaid wages to Mr. Van Osdol at least six times during [his] employment with STL." Dkt. No. 43 at ¶ 20.[4]

By contrast, Mr. Van Osdol testified that Plaintiff never approached him about not being paid for overtime work. *See* Dkt. No. 42-1 at 123:13–17 ("Q. Did [Plaintiff] ever tell you that he felt like he wasn't getting paid for all of his time? A. Never. Q. Never Once? A. Never."). Credibility determinations as well as STL's willfulness in the face of Plaintiff's lack of reporting are for the jury to decide. *See Anderson*, 477 U.S. at 255. Thus, there is a genuine dispute of fact precluding summary judgment over whether Plaintiff raised his concern over unpaid wages with Mr. Van Osdol and the extent to which Mr. Van Osdol knew Plaintiff was working and not being paid.

*2. Plaintiff's claimed entitlement to a raise*

Plaintiff claims STL willfully withheld wages when it promised he would receive a raise after working for the company for one year and then failed to institute the raise. Dkt. No. 41 at

---

[4] These statements do not clearly conflict with Plaintiff's deposition testimony. Therefore, the Court will not preclude Plaintiff's later-in-time declaration as a sham affidavit, as STL argues. *See Van Asdale*, 577 F.3d at 998–99 ("the inconsistency between a party's deposition testimony and subsequent affidavit must be clear and unambiguous to justify striking the affidavit").

10

28–29. Specifically, Plaintiff claims that at the start of his employment he and STL agreed to start him at $33.00 per hour, give him a raise to $34.00 per hour after 90 days, and finally a raise to $35.00 per hour after one year. *Id.* at 3. Plaintiff claims that he received the raise from $33.00 per hour to $34.00 per hour, but not from $34.00 per hour to $35.00 at year's end. Dkt. No. 49 at 35:9–16.

Plaintiff's contention that he was owed a raise does not raise a triable dispute of fact. By his own admission, Plaintiff's raise was contingent on STL's approval. Dep. of Michael Sheaffer, Dkt. No. 49 at 36:12–20. Plaintiff acknowledges that STL never tendered this approval. *Id.* at 36:24–37:25. Therefore, STL's failure to increase Plaintiff's wages did not constitute a willful withholding of wages that it was obligated to pay him. *See* RCW § 49.52.050 (". . . shall pay any employee a lower wage than the wage such employer *is obligated to pay* such employee by any statute, ordinance, or contract") (emphasis added). The Court will grant summary judgment as to this claim.

3. *Knowing Submission*

STL claims that, whether or not Plaintiff can establish willfulness, he cannot succeed on his claims because he knowingly submitted to the underpayment. Dkt. No. 48 at 10–13. An employee knowingly submits "when he or she intentionally defers to his or her employer the decision as to whether, if ever, he or she will be paid." *Durand v. HIMC Corp.*, 214 P.3d 189, 199 (Wash. Ct. App. 2009) (citing *Chelius v. Questar Microsystems, Inc.*, 27 P.3d 681, 682–683 (Wash. Ct. App. 2001)).

Based on his testimony that he raised the issue of his unpaid overtime wages with Mr. Van Osdol, Plaintiff has created a dispute of fact over whether he knowingly submitted to the

underpayment. *See supra* at 9–10. Taking Plaintiff's testimony as true, as it must at this stage, the Court determines that STL has failed to establish its knowing submission defense.

## V. CONCLUSION

For the foregoing reasons, the Court hereby DENIES in part and GRANTS in part Defendant's Motion for Summary judgment. Dkt. No. 31.

DATED this 23rd day of March, 2020.

_____
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE